IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-2227

TEAHEE LLC, a Colorado limited liability company,
Plaintiff,

v.

WE LOVE TEA LLC D/B/A TEAHEE BOBA LITTLETON, a Colorado limited liability company; T AND TEA LLC D/B/A TEAHEE BOBA LAKEWOOD, a Colorado limited liability company; and LEGACY HTLK, INC. D/B/A TEA-HEE BOBA AND D/B/A TEAHEE BOBA THORNTON, a Colorado limited liability company,
Defendants.

---

**BRIEF IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION**

---

### INTRODUCTION

Plaintiff Teahee LLC seeks entry of a preliminary injunction against the Defendants' use of the mark TEAHEE® (the "Mark") or any other mark that is a confusingly similar variation or colorable imitation of Plaintiff's registered trademark and service mark, TEAHEE®. Without such relief, Plaintiff will suffer immediate and irreparable harm to its image, brand, and goodwill.

### FACTUAL BACKGROUND

As is set forth in Plaintiff's Verified Complaint, incorporated herein by this reference and included as Exhibit 1, Plaintiff sells tea products under the Mark as a trademark and provides tea shop services under the Mark as a service mark. Plaintiff has been engaged in such business activities since at least as early as November 2020.

In or around September 2021, the Defendants began opening several boba tea shop locations in the Denver metropolitan area using the name "Teahee Boba." On December 30, 2021,

1

Plaintiff sent the Defendants a cease and desist letter alerting the Defendants of Plaintiff's trademark rights to the Mark and demanding Defendants cease use of the Mark. Plaintiff made several subsequent demands to the Defendants by email and mail. The Defendants ignored Plaintiff's repeated demands to cease and desist use of the Mark for Defendants' tea shops. The Defendants continue to use the Mark to this day.

In support of its trademark infringement and unfair competition claims against the Defendants, Plaintiff applied for federal trademark registration of the Mark with the U.S. Patent and Trademark Office in early 2022, and obtained registration of the Mark in October 2023. Plaintiff has now initiated this trademark infringement action against the Defendants under the Lanham Act, and also seeks a preliminary injunction against the Defendants' use of the Mark.

## ARGUMENT

To obtain a preliminary injunction, Plaintiff must show: (1) it has a substantial likelihood of success on the merits; (2) it will suffer irreparable injury unless the injunction issues; (3) the threatened injury outweighs any damage the proposed injunction may cause the Defendants; and (4) an injunction would not be adverse to the public interest. *First W. Capital Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1139 n.2 (10th Cir. 2017); *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1282 (10th Cir. 2016). Each factor favors injunctive relief here.

### I. Plaintiff is Likely to Succeed on the Merits.

Plaintiff will prevail on the claims set forth in the Verified Complaint. Section 32 of the Lanham Act provides a civil cause of action for infringement of federal registered trademarks. 15 U.S.C. § 1114(1). It prevents the unauthorized use in commerce of any reproduction, copy or colorable imitation of a registered mark that is both in connection with the sale, offering for sale, or advertising of any goods or services and likely to cause confusion, to cause mistake, or to

deceive. 15 U.S.C. § 1114(1)(a). Section 43(a) of the Lanham Act provides a civil cause of action for infringement of marks not registered with the U.S. Patent and Trademark Office. 15 U.S.C. § 1125(a). Section 43(a) contains similar prohibitions as Section 32, although 43(a) prohibits a broader range of conduct: It prevents unauthorized use of a mark that is likely to cause confusion, to cause mistake, or to deceive as to the affiliation, connection, or association of the user with another person, and the origin, sponsorship, or approval of the user's goods, services, or commercial activities by another person. 15 U.S.C. § 1125(a)(1)(A). When owners of a federal registration also assert claims under Section 43(a), they are often labeled "unfair competition" or "false designation of origin", but courts generally recognize that the basic elements of an infringement claim under the Lanham Act are the same under Section 32 or 43. *See, e.g., Union Mfg. Co. v. Han Baek Trading Co.,* 763 F.2d 42, 48 (2d Cir. 1985).

The elements of a trademark infringement claim are discussed below. (See *Utah Lighthouse Ministry v. Found. for Apologetic Info. & Research*, 527 F.3d 1045, 1050 (10th Cir. 2008); *Universal Money Ctrs., Inc. v. AT&T Co.*, 22 F.3d 1527, 1529 (10th Cir. 1994) for authority adopting these elements).

### A. Plaintiff owns a valid and legally protectable trademark and service mark.

Plaintiff has continually used the Mark in interstate commerce in connection with tea-related products and services since November 2020 to the present, well before the Defendants began operating and using the Mark themselves. The U.S. Patent and Trademark Office granted registration to Plaintiff on October 3, 2023 under registration number 7184662 in International Trademark Class 30 for "Tea; tea bags; tea-based beverages; tea-based beverages containing boba; flowers or leaves for use as tea substitutes; herb tea; herbal tea; mixes for making tea" and International Trademark Class 45 for "Boba shops; tea shops; bubble tea shops."

Plaintiff will successfully demonstrate ownership of the Mark *prior* to Defendants' use of the Mark which entitles it to protection under Section 43(a) of the Lanham Act. *See* 15 U.S.C. § 1125(a). Plaintiff will also demonstrate it federally registered the Mark, entitling it to protection under Section 32 of the Lanham Act. *See* 15 U.S.C. § 1114(1).

### B. The Defendants have made subsequent unauthorized use of Plaintiff's trademark and service mark in connection with the sale, offering for sale and advertising of goods and services.

The Defendants are direct competitors of Plaintiff. Beginning on a date *after* Plaintiff's first use of the Mark in interstate commerce, the Defendants opened three boba tea shops in and around the Denver metropolitan area using the name "Teahee Boba" and "Tea-hee Boba", names that fully incorporate the Mark belonging to Plaintiff. Plaintiff did not and has not authorized the Defendants' use of the Mark for their boba tea shops. Plaintiff has demanded the Defendants cease and desist using the Mark.

### C. The Defendants' use of Plaintiff's trademark and service mark is likely to cause consumer confusion.

In order to find a likelihood of confusion between the Plaintiff's and the Defendants' use of the Mark, six factors are considered: (1) the degree of similarity between their marks; (2) the Defendants' intent in adopting its mark; (3) evidence of actual confusion; (4) the similarity of products and manner of marketing; (5) the degree of care purchasers are likely to exercise; and (6) the strength or weakness of Plaintiff's mark. *Sally Beauty Co. v. Beautyco, Inc.,* 304 F.3d 964, 972 (10th Cir. 2002). No single factor is determinative, and the factors are interrelated – the importance of any one factor depends on the facts and circumstances of the case. *1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1239 (10th Cir. 2013); *Water Pik, Inc. v. Med-Sys, Inc.,* 726 F.3d 1136, 1143 (10th Cir. 2013).

Application of these factors to the instant case shows there is a likelihood of confusion between the parties' competing uses of the Mark. The Defendants' boba tea shops are named "Teahee Boba", which incorporates the Mark in its entirety as the dominant source-identifier. The Defendants are using the Mark to sell, offer for sale and advertised the same products and services for which Plaintiff uses the Mark. TEAHEE is a fanciful term invoking a playful and fun presentation of tea-related products and services, creating a mark that is inherently distinctive and entitled to strong trademark protection.

Most importantly, Plaintiff has experienced <u>actual consumer confusion</u> caused by the Defendants' unauthorized use of the Mark. Soon after the Defendants opened their first boba tea store, Plaintiff began to receive communications from current and potential customers, as well as business vendors, who were confused about the ownership, affiliation or endorsement by Plaintiff of the Defendants' boba tea shops. This actual consumer confusion and risk of direct harm to Plaintiff's brand and reputation have motivated Plaintiff to file this lawsuit and seek this preliminary relief.

**II.     Plaintiff Will Suffer Irreparable Harm Absent an Injunction.**

Under the Trademark Modernization Act, 15 U.S.C. § 1116(a), Plaintiff is entitled to a rebuttable presumption of irreparable harm on showing a violation of the Lanham Act or on demonstrating a likelihood of prevailing on the merits of a Lanham Act Claim in the context of a motion for a preliminary injunction. As a result of the Defendants' willful actions, identified above, Plaintiff is losing the value of its trademark and service mark, its business identity, and control of its goodwill and reputation. The Defendants have refused to discontinue use of the Mark after repeated demands from Plaintiff to do so.

**III.    The Balance of Equities Regarding Use of the Mark Tips in Plaintiff's Favor.**

Trademark law bestows to Plaintiff the exclusive right to use the Mark for tea-related products and services. The Defendants' use of the Mark for their competing boba tea shops is clearly violating this right, and this unlawful activity cannot be permitted to continue pending a trial on the merits of Plaintiff's claims. Plaintiff filed this action as soon as practicable after registration of the Mark was issued by the U.S. Patent and Trademark Office, and so did not unnecessarily delay in bringing this suit and requesting injunctive relief.

### IV.    The Public Interest Favors a Preliminary Injunction.

The underlying policy objective of trademark law is to provide the public consumer with assurances regarding the nature and quality of the marked goods, services or business. *Matal v. Tam,* 582 U.S. 218, 223-24 (2017); *Kohler Co. v. Moen Inc.,* 12 F.3d 632, 643044 (7th Cir. 1993) (trademark law aids the consumer because "enhancing producer identity reduces the costs to consumers of informing themselves about the product source so that they can either continue purchasing the products from particular producers or avoid the products from those producers altogether."). Here, public consumers are being misled and deceived by the Defendants' competing use of the Mark. Thus, the public interest is best served by preventing the Defendants' harmful actions.

### CONCLUSION

The Defendants are infringing on Plaintiff's legal rights with respect to the Mark. Plaintiff will suffer immediate and irreparable harm if the Defendants' unlawful activities are allowed to continue. Plaintiff respectfully requests that this Court issue a preliminary injunction against the Defendants prohibiting all uses of the Mark, as further set forth in Plaintiff's Motion for Preliminary Injunction.

Because the public interest in this case, the balance of equities regarding the parties' use of the Mark, and all of the other factors that weigh in Plaintiff's favor, Plaintiff requests that the Court impose a bond of zero dollars in this instance. *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1215 (10th Cir. 2009) (court has discretion to order no bond).

Respectfully submitted this 24th day of January, 2024.

**HOWARD O. BERNSTEIN, P.C.**

*s/Howard O. Bernstein, Esq.*
Howard O. Bernstein, Esq.
Christine E. Breen, Esq.
Shirin Chahal, Esq.
Molly K. Reinhardt, Esq.
1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Fax: (303) 457-1175
Email: howard@bernsteinattorney.com
christine@bernsteinattorney.com
shirin@bernsteinattorney.com
molly@bernsteinattorney.com
*Attorneys for Plaintiff*