IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

TEAHEE LLC, a Colorado limited liability company
Plaintiff,

v.

WE LOVE TEA LLC D/B/A TEAHEE BOBA LITTLETON, a Colorado limited liability company; T AND TEA LLC D/B/A TEAHEE BOBA LAKEWOOD, a Colorado limited liability company; and LEGACY HTLK, INC. D/B/A TEA-HEE BOBA AND D/B/A TEAHEE BOBA THORNTON, a Colorado limited liability company,
Defendants.

---

## VERIFIED COMPLAINT

---

COMES NOW, Teahee LLC ("Plaintiff"), by and through its attorneys of record, Howard O. Bernstein, P.C., and for this Complaint against the Defendants We Love Tea LLC d/b/a TeaHee Boba Littleton, T and Tea LLC d/b/a TeaHee Boba Lakewood, and Legacy HTLK, Inc. d/b/a Tea-Hee Boba and d/b/a TeaHee Boba Thornton, hereby alleges and states as follows:

### PRELIMINARY STATEMENT

1.      This action arises out of the Defendants' blatant and willful infringement of Plaintiff's federally-registered trademark and service mark TEAHEE® (the "Mark" or "TEAHEE®") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and substantial and related claims under the common laws of the State of Colorado, all relating to the Defendants' unauthorized use of the marks "Teahee" and "Tea-hee" in connection with the

marketing, advertising, promotion, offering for sale, and sale of the Defendants' boba tea shop services.

2.     The Defendants knew or should have known about Plaintiff's trademark rights in the Mark prior to the time they opened their first tea shop utilizing the Mark, because public records with the Colorado Secretary of State and a simple online search would have revealed Plaintiff's use of the Mark. Then, on December 30, 2021, Plaintiff notified the Defendants of its use and ownership of the Mark by sending the first of many cease and desist demands to the Defendants. Despite knowing their actions infringed on Plaintiff's rights to the Mark, the Defendants consciously decided to continue to illegally use the Mark in connection with their boba tea shops.

3.     As a result of the Defendants' willful actions, Plaintiff is losing the value of its trademark and service mark, its business identity, and control over its goodwill and reputation. Accordingly, the harm suffered by Plaintiff as a result of the Defendants' infringement and unfair competition is irreparable, and the Defendants' wrongful activities will continue unless enjoined by the Court.

4.     Plaintiff seeks injunctive and monetary relief.

**A.     PARTIES**

5.     Plaintiff TeaHee LLC is a Colorado limited liability company with its principal place of business at 12650 W. 64th Avenue, Unit E, #153, Arvada, CO 80004.

6.     Defendant We Love Tea LLC is a Colorado limited liability company with its principal place of business at 3897 S. Dallas Street, Aurora, CO 80014, and doing business as "TeaHee Boba Littleton".

7.      Defendant T and Tea LLC is a Colorado limited liability company with its principal place of business at 3033 S. Parker Road, Suite 750, Aurora, CO 80014, and doing business as "TeaHee Boba Lakewood".

8.      Defendant Legacy HTLK, Inc. is a Colorado corporation with its principal place of business at 3897 S. Dallas Street, Aurora, CO 80014, and doing business as "Tea-Hee Boba" and "TeaHee Boba Thornton".

## B.      JURISDICTION AND VENUE.

9.      Plaintiff incorporates by reference all allegations set forth above.

10.      This action is brought under the Lanham Act, 15 U.S.C.A. §§ 1051 *et seq*. This Court has jurisdiction pursuant to section 1121 of the Act (15 U.S.C.A. § 1121), as well as supplemental jurisdiction over the state and common law claims under 28 U.S.C.A. §§ 1338(B) and 1367(a).

11.      This Court has personal jurisdiction over Defendants as the acts set forth below occurred and are occurring in commerce in the District of Colorado.

12.      Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the District of Colorado because the actions, which give rise to the claims below, have occurred in this District and will continue to take place in this District, and Defendant and its agents at all times material hereto do business in the State of Colorado within this District.

## C.      FACTS

13.      Plaintiff incorporates by reference all allegations set forth above.

14.      Plaintiff filed its articles of organization utilizing the Mark in its company name (Teahee LLC) with the Colorado Secretary of State on July 16, 2020.

15.     Since as early as November 21, 2020, Plaintiff has sold various tea products, including tea-based beverages containing boba, in interstate commerce under the trademark TEAHEE®.

16.     Since as early as June 5, 2021, Plaintiff has provided tea shop services in interstate commerce under the service mark TEAHEE®.

17.     Plaintiff's mark TEAHEE® is a fanciful term created specifically for tea and tea-related products and services.

18.     Plaintiff has used the mark "TEAHEE", from 2020 through the present, to identify its business, products, and services, and established the trademark and service mark to distinguish it from other similar businesses.

19.     Plaintiff established the goodwill of the term "TEAHEE" by its success as a seller of quality tea-related products and services.

20.     The name "TEAHEE" and the goodwill established by the name have been confirmed by the faithful customer following that Plaintiff has established in interstate commerce.

21.     Since November 2020, Plaintiff has advertised its business, products, and services on its e-commerce website, various social media outlets, and at farmers markets and festivals under the mark TEAHEE. Exhibit A.

22.     On May 31, 2022, Plaintiff applied for federal registration of the mark TEAHEE®.

23.     The U.S. Patent and Trademark Office granted federal registration of the Mark to Plaintiff on October 3, 2023, under registration number 7184662. Exhibit B.

24.     Plaintiff has continuously used TEAHEE and, once registered, TEAHEE®, in interstate commerce in connection with tea-related products and services from at least as early as

November 21, 2020 to the present, and from the date of Plaintiff's application for registration to the present.

25.     Defendant We Love Tea LLC d/b/a "TeaHee Boba Littleton" operates a boba tea shop in Colorado that sells products and offers services similar to those sold by Plaintiff.

26.     Upon information and belief, Defendant We Love Tea LLC opened its boba tea shop on or around September 19, 2022.

27.     Defendant We Love Tea LLC registered the tradename "TeaHee Boba Littleton" with the Colorado Secretary of State's office on September 19, 2022.

28.     Defendant T and Tea LLC d/b/a "TeaHee Boba Lakewood" operates a boba tea shop in Colorado that sells products and offers services similar to those sold by Plaintiff.

29.     Upon information and belief, Defendant T and Tea LLC opened its boba tea shop on or around February 22, 2022.

30.     Defendant T and Tea LLC first registered the tradename "TeaHee Boba Arvada" on February 28, 2022.

31.     On April 4, 2022, Defendant T and Tea LLC issued a Statement of Correction and corrected the tradename from "TeaHee Boba Arvada" to "TeaHee Boba Lakewood."

32.     Defendant Legacy HTLK, Inc. d/b/a "Tea-Hee Boba" operates a boba tea shop in Colorado that sells products and offers services similar to those sold by Plaintiff.

33.     Upon information and belief, Defendant Legacy HTLK, Inc. opened its boba tea shop on or around September 20, 2021.

34.     Defendant Legacy HTLK, Inc. registered its tradename "Tea-Hee Boba" with the Colorado Secretary of State's office on October 11, 2021.

35.    Upon information and belief, Defendants We Love Tea LLC, T and Tea LLC and Legacy HTLK, Inc. (collectively, the "Defendants") are all owned and operated by the same individuals, Doug S. Choi, Seil Son, and Henry Nguyen.

36.    The Defendants are direct competitors of Plaintiff.

37.    At the time the Defendants registered their respective trade names utilizing the Mark, Plaintiff had already been in business and operating under the Mark.

38.    At the time the Defendants registered their respective trade names using the Mark, the Defendants knew or should have known of Plaintiff's business operations and use of the Mark.

39.    After Defendant Legacy HTLK, Inc. opened its boba tea store in September 2021, Plaintiff received numerous inquiries from current and potential customers asking whether Plaintiff was affiliated with or endorsing the new "Tea-hee Boba" store.

40.    On December 30, 2021, Plaintiff sent a cease and desist letter to Defendant Legacy HTLK, Inc. demanding it immediately terminate its use of "Tea-hee" in order to prevent purchaser confusion with Plaintiff's TEAHEE® mark.

41.    Defendant Legacy HTLK, Inc. did not terminate its use of "Tea-hee."

42.    After receiving formal notice of Defendant Legacy HTLK, Inc's infringement of Plaintiff's TEAHEE® mark, its owners opened two additional boba tea stores using "Teahee".

43.    After receiving its federal registration from the U.S. Patent and Trademark Office, Plaintiff sent another cease and desist letter to all the Defendants that renewed the demand that Defendants immediately terminate their use of "Teahee" and "Tea-hee", informed Defendants that Plaintiff now had a federally-registered trademark, and further advised Defendants that Plaintiff would file a lawsuit against them under the Lanham Act if they did not stop using the Mark.

44.     Defendants did not respond to this second cease and desist letter.

45.     Defendants have continued to use the Mark despite receiving multiple notices that such use infringed on Plaintiff's ownership of the Mark.

46.     Defendants have knowingly infringed on the Mark through their use of the name "Teahee" and "Tea-hee" for their boba tea shops.

47.     Defendants have refused to discontinue using their confusingly similar marks, "Tea-hee Boba" and "Teahee Boba".

48.     Prior to Defendants establishing their businesses utilizing the Mark belonging to Plaintiff, Plaintiff had already cultivated goodwill in the community through use of the Mark.

49.     To date, Plaintiff continues to receive communications from current and potential customers who mistakenly believe that the Defendants' tea shops are affiliated with Plaintiff, including customers who have stated they are not interested in Plaintiff's goods and services because they have already had a poor experience at the Defendants' tea shops.

50.     To date, Plaintiff continues to receive numerous and frequent communications from current customers, potential customers, business vendors, and other members of the public indicating that there is actual confusion in the marketplace between Plaintiff's and the Defendants' use of the Mark.

51.     Upon information and belief, the Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's trademark and service mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's tea products and tea shop services to the Defendants.

52.     Since September 2021, the Defendants, through their business activities and other actions conducted under "Teahee Boba" and "Tea-hee Boba", have severely damaged the business and reputation of Plaintiff, and in their marketing to the general public under such names, have caused a likelihood of confusion with Plaintiff's registered trademark and service mark.

**FIRST CLAIM FOR RELIEF**
**(Trademark Infringement Under Section 32**
**of the Lanham Act, 15 U.S.C. § 1114)**
**(Against all Defendants)**

53.     Plaintiff incorporates by reference all allegations set forth above.

54.     The Defendants' infringement of Plaintiff's trademark and service mark continued after Plaintiff's mark was registered.

55.     Plaintiff's registered mark is *prima facia* evidence of the validity of the registered mark, of Plaintiff's ownership of the mark, and of Plaintiff's exclusive right to use the registered mark in commerce or in connection with the goods and services provided by Plaintiff.

56.     Without the consent of Plaintiff, the Defendants have and are engaged in acts of trademark and service mark infringement of Plaintiff's registered trademark/service mark in violation of 15 U.S.C. § 1114 and Section 32 of the Lanham Act.

57.     The Defendants have specific knowledge that their imitation of the Plaintiff's products, services and name is intended to be used to cause confusion, to cause mistakes of identification, and to deceive the general public and the customers of Plaintiff.

58.     Without Plaintiff's consent, authorization, or license, the Defendants have promoted, marketed, advertised, and offered the same or similar products and services as Plaintiff under a confusingly similar name for sale and service, with the specific intent of causing confusion

within the general public and among customers or potential customers of Plaintiff, all in violation of the Lanham Act.

59.     The Defendants' actions will cause or are likely to cause confusion among the general public and customers and potential customers of Plaintiff, as to the possible affiliation, connection, or association of the Defendants to Plaintiff, or as to the origin, sponsorship, or approval of Plaintiff's goods or commercial activities by the Defendants.

60.     The Defendants' acts have damaged and impaired and diluted that part of Plaintiff's goodwill symbolized by Plaintiff's registered trademark/service mark.

61.     The Defendants had actual knowledge of Plaintiff's right to the trademark and service mark, TEAHEE®, when they continued to use their confusingly similar name after being notified of the infringement by Plaintiff.

62.     The Defendants' acts of infringement complained of herein are deliberate, malicious, fraudulent, willful, intentional, and done in bad faith, with full knowledge and conscious disregard of Plaintiff's right to the mark.

63.     In view of the egregious nature of Defendants' actions, this is an exceptional case within the meaning of section 35 of the Lanham Act, 15 U.S.C. § 1117(a).

64.     Plaintiff has been irreparably harmed, damaged and injured as a direct and proximate result of the Defendants' infringements of Plaintiff's mark.

65.     The Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their infringing acts.

**SECOND CLAIM FOR RELIEF**
**(Unfair Competition and Deceptive Trade Practices Under Section 43**
**of the Lanham Act, 15 U.S.C. 1125(a))**
**(Against all Defendants)**

66.     Plaintiff incorporates by reference all allegations set forth.

67.     The Defendants' initial infringement actions were initiated when Plaintiff's mark was unregistered.

68.     The Defendants, by their unauthorized appropriation and use of Plaintiff's trademark, TEAHEE®, have engaged, and are continuing to engage, in acts that (a) are likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of the Defendants with Plaintiff, or as to the origin, sponsorship or approval of Defendants' goods, services or commercial activities by Plaintiff; and (b) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities or geographical origin of Plaintiff's goods, services or commercial activities of wrongful deception of the purchasing public, wrongful designation as to the source and sponsorship of goods, wrongful deprivation of Plaintiff's good name and reputation, and the wrongful deprivation of Plaintiff's right to public recognition and credit as the true source of Plaintiff's tea products and tea shop services.

69.     Beginning September 20, 2021, and continuously after that date, the Defendants have been selling and marketing tea-related services and products under "Teahee Boba" and "Tea-hee Boba", both of which are confusingly similar to Plaintiff's trademark and service mark, resulting in consumer confusion as to the source of the Defendants' services and products.

70.     It is damaging to Plaintiff to be mistakenly associated with the Defendants' businesses.

71.     The Defendants' conduct constitutes an unfair trade practice and unfair competition under 15 U.S.C. Section 1125(a) and Section 43 of the Lanham Act.

72.     Plaintiff has been irreparably harmed, damaged and injured as a result of the Defendants' intentionally deceptive trade practices that infringe Plaintiff's trademark and service mark.

73.     The Defendants have unlawfully and wrongfully derived, and will continue to derive, income and profits from their intentional wrongful acts.

### THIRD CLAIM FOR RELIEF
**(Common Law Trademark Infringement and Unfair Competition)**
**(Against all Defendants)**

74.     Plaintiff incorporates by reference all allegations set forth above.

75.     The Defendants have engaged in the foregoing activities with full knowledge of Plaintiff's use of, and common law rights to, the name and mark TEAHEE®, and has utilized Plaintiff's trademark and service mark in their own business operations in Colorado without regard to the likelihood of confusion of the general public.

76.     Defendants have engaged in the foregoing activities in a manner calculated to compete unfairly with Plaintiff and to do so with the deliberate intent of trading upon Plaintiff's reputation and goodwill and to divert to the Defendants a part of the demand for Plaintiff's goods and services by causing consumers to use the Defendants' services and visit their tea shops in the consumers' erroneous belief that they are using Plaintiff's services or that the Defendants' shops have the sponsorship, endorsement or approval of Plaintiff.

77.     The aforesaid conduct of Defendants constitutes unfair competition and common law trademark infringement that has created and will continue to create a likelihood of confusion

causing irreparable injury of Plaintiff unless restrained by this Court and Plaintiff has no adequate remedy at law therefor.

78.      Plaintiff has been irreparably harmed, damaged and injured as a result of the Defendants' infringements of Plaintiff's mark.

### FOURTH CLAIM FOR RELIEF
### (Unjust Enrichment)
### (Against all Defendants)

79.      Plaintiff incorporates by reference all allegations set forth above.

80.      The Defendants' unauthorized use of Plaintiff's trademark and service mark has resulted in commercial and pecuniary benefit to the Defendants.

81.      The Defendants accepted, used, and enjoyed the commercial, pecuniary, and other benefits that resulted from their use and display of Plaintiff's trademark and service mark.

82.      Defendants enjoyed such benefits as the expense of Plaintiff under circumstances that make it unjust for the Defendants to retain such benefits without commensurate compensation to the Plaintiff.

83.      The Defendants have refused without legal justification or excuse to pay for the commercial and pecuniary benefits received, and by reason of such refusal, the Defendants are liable to Plaintiff for the value of the commercial and pecuniary benefits derived from their unauthorized use of Plaintiff's trademark and service mark.

### FIFTH CLAIM FOR RELIEF
### (Injunctive Relief)
### (Against all Defendants)

84.      Plaintiff incorporates by reference all allegations set forth above.

85.      The Defendants' acts are causing and, unless restrained, will continue to cause

damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public for which Plaintiff has no adequate remedy at law.

86.     The Defendants' use of Plaintiff's mark TEAHEE® in connection with their boba tea shops has caused and will continue to damage the capacity of Plaintiff's mark to identify and distinguish the goods and services of Plaintiff in violation of federal trademark law.

87.     Plaintiff will continue to suffer irreparable injury if the Defendants are allowed to continue using the names "Teahee" and "Tea-hee" because it diminishes the very identify that the trademark, TEAHEE®, sought to create between Plaintiff's trademark and service mark and its tea products and tea shop services.

88.     There exists a high probability of confusion between the Defendants' use of the names "Teahee" and "Tea-hee" and Plaintiff's trademark and service mark TEAHEE®, which is sufficient to sustain an injunction against the Defendants' use of the marks.

89.     The actual injury being suffered by Plaintiff and the substantial likelihood of further injury caused by the Defendants' infringing behavior outweighs the potential damage that would be suffered by the Defendants as a result of the injunction.

90.     Plaintiff has a substantial likelihood of prevailing on the merits of the claims set forth herein.

91.     Plaintiff is entitled to, among other relief, injunctive relief under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117.

92.     It is in the public's best interest to protect established trademarks and service marks; thus this injunction, if issued, would not be averse to public interest.

WHEREFORE, Plaintiff requests judgment against the Defendants for:

(a)     A preliminary injunction enjoining the Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    (i)   providing, selling, marketing, advertising, promoting, or authorizing any third party to provide, sell, market, advertise, or promote tea shop services and tea products bearing the mark TEAHEE® or any other mark that is a confusingly similar variation, or colorable imitation of Plaintiff's trademark and service mark;

    (ii)  engaging in any activity that infringes Plaintiff's rights in its trademark and service mark, TEAHEE®;

    (iii) engaging in any activity constituting unfair competition with Plaintiff;

    (iv)  making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that the Defendants' goods or services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with Plaintiff, or Plaintiff's goods and services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by, or associated, affiliated, or otherwise connected with the Defendants;

    (v)   using or authorizing any third party to use in connection with any business, goods, or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods or services with Plaintiff or tend to do so;

(vi) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark TEAHEE® or any other mark that infringes or is likely to be confused with Plaintiff's TEAHEE® mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

(vii) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by subparagraphs (i) through (vii).

(b)    A permanent injunction pursuant to 15 U.S.C. § 1116 enjoining the Defendants and their officers, directors, principals, successors, parent companies, related entities, assigns, agents, servants, employees and all individuals acting in concert or participation with them from infringing in any manner the Plaintiff's registered trademark following a final decision in this action, including those activities identified in paragraph (a), above, and also with respect to any domain names and social media account names.

(c)    Damages provided in 15 U.S.C. § 1117 to include:

(i)    All gains, profits and advantages derived by the Defendants as a result of their unfair trade practices and unfair competition both before and after Plaintiff's registration of its mark; and

(ii)    All gains, profits and advantages derived by the Defendants as a result of their infringement of Plaintiff's trademark both before and after Plaintiff's registration of its mark;

(iii)    All damages sustained by Plaintiffs and for any amount above the amount found as actual damages, not to exceed three (3) times such amount;

(iv)     All costs and expenses incurred by Plaintiff;

(v)     All reasonable attorneys' fees incurred by Plaintiff.

Respectfully submitted this 24th day of January, 2024.

**HOWARD O. BERNSTEIN, P.C.**

*s/Howard O. Bernstein, Esq.*
Howard O. Bernstein, Esq.
Christine E. Breen, Esq.
Shirin Chahal, Esq.
Molly K. Reinhardt, Esq.
1111 Pearl Street, Ste. 203
Boulder, Colorado 80302
Telephone: (303) 494-3321
Fax:  (303) 457-1175
Email:  howard@bernsteinattorney.com
       christine@bernsteinattorney.com
       shirin@bernsteinattorney.com
       molly@bernsteinattorney.com
*Attorneys for Plaintiff*